# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ROBIN CELESTE MCDERMOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 00-03037-CV-S-DW |
| THOMAS DEAN ROYAL, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

In September 2003 the Court granted summary judgment in favor of the Defendants named in this action on all counts of the Plaintiff's complaint. She appealed that decision, but the Eighth Circuit Court of Appeals affirmed the grant of summary judgment. McDermott v. Royal, 2004 WL 2029950 (8th Cir. Sept. 10, 2004) (unpublished per curiam order). In that same order, however, the Court of Appeals directed this Court to determine whether McDermott's First Amendment rights were violated when she was arrested and prosecuted for the verbal harassment of three police officers. The Court held an evidentiary hearing on March 23, 2005, at which time the parties presented evidence concerning McDermott's behavior on the evening in question. Based on that evidence, the Court cannot conclude that McDermott's First Amendment rights were violated.

We start with the facts presented by McDermott relevant to this issue that were accepted by the appellate court. In the early morning hours of January 23, 1998, McDermott learned that her eldest son, Morgan Smith, was being arrested in her front yard. McDermott went outside

onto the front porch and observed Springfield Police Officer Darren Whisnant placing Smith in the back of a patrol car, and Officer Tom Royal searching Smith's truck with the assistance of his K-9 police dog, Caesar. While Officer Royal was searching the interior of the truck, McDermott began questioning his authority to conduct a search on her property. Officer Royal instructed McDermott to go back inside her house because she was obstructing his search of the truck and distracting Caesar.

When McDermott later returned to her front porch, Officer Royal again told her to go back inside and threatened her that his dog would bite her if she did not obey his instructions. At this point, McDermott admits that she was yelling and generally being disruptive toward Officer Royal as he tried to search Smith's truck. Officer Doug Wilson, who was also present, warned McDermott that she was obstructing the search and that she needed to go back inside her home. McDermott again refused, and Officer Royal moved toward her to arrest her for obstructing the search. McDermott alleges that Officer Royal then slapped a cigarette out of her hand, grabbed her shoulder, and began pulling on her hair. She claims that Officer Royal then threw her off the porch, and she landed on her stomach on the sidewalk, where Officer Royal used his knees to pin her to the ground. McDermott claims that Officer Royal, with the assistance of Officers Wilson and Whisnant, held her down and tried to handcuff her. While McDermott was face-down, Caesar joined the scuffle and bit her on the back of the thighs and buttocks. When McDermott alerted the officers that Caesar had bit her, Officer Royal immediately released McDermott and restrained the dog.

McDermott was arrested and later charged with a violation of Springfield city ordinance § 26-17, which provides "No person shall resist or obstruct a city officer making an arrest or

serving any legal, writ, warrant or process or executing or attempting to execute any other duty imposed by law."[1] At the suggestion of the appellate court, McDermott now argues that her arrest was unconstitutional because it was precipitated by her mere verbal harassment of the officers, which violates the First Amendment.

Based on the evidence presented to the Court, however, McDermott was not arrested simply for verbally expressing her disapproval of the police officers' activities. She was arrested because her continued shouting and frantic gesturing interfered with law enforcement duties as they were distracting to both Caesar and his handler, Officer Royal, who testified that he had to stop searching the truck in order to calm down McDermott and ensure that Caesar would not be agitated by her behavior. Officer Royal testified that in addition to his work in drug-sniffing, Caesar had also been thoroughly trained in "handler protection" such that he would become defensive if he sensed Officer Royal was in danger. Concerned that Caesar might respond to McDermott's distractions, Officer Royal had to stop his lawful search of the truck at least twice. Given that both Officer Royal and Officer Wilson warned McDermott that her behavior was agitating Caesar and she witnessed Officer Royal stop his search to speak with her, the Court believes McDermott was well aware that her ranting was preventing Officer Royal from continuing his search of the truck. Indeed, she admitted that her primary goal was to get Officer Royal to end the search and get away from the truck. Thus, this is not a case of a suspect being detained for merely shouting profanities at a police officer; McDermott's verbal harassment of the officers directly caused Caesar to be distracted from his duty, thereby preventing Officer Royal from conducting his portion of the lawful search as well. The Court cannot believe that

---

[1] This ordinance was renumbered as § 78-32(1) on October 23, 2000.

3

the First Amendment gives McDermott the right to knowingly obstruct an officer from the lawful performance of his duty and jeopardize the safety of others by agitating a police dog. Courts have long held that "obstruction" of an officer can occur by refusing to obey the command of an officer and using verbal abuse to interfere with the officer's duties. State v. Winkelmann, 776 S.W.2d 44 (Mo. Ct. App. E.D. 1989); Tillett v. State, 637 P.2d 261 (Wyo. 1981).

Accordingly, the Court concludes that McDermott has not raised a viable claim that her First Amendment rights were violated and as such, there are no remaining claims in this action. This case is therefore DISMISSED, and the Clerk of Court is instructed to mark this case as CLOSED.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: June 1, 2005

4

Case 6:00-cv-03037-DW    Document 172    Filed 06/01/05    Page 4 of 4